J-S03035-19
J-S03036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WHITNEY MILTON, | : | |
| | : | |
| Appellant | : | No. 3901 EDA 2017 |

Appeal from the PCRA Order November 2, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007563-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WHITNEY MILTON, | : | |
| | : | |
| Appellant | : | No. 3902 EDA 2017 |

Appeal from the PCRA Order November 2, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009031-2007

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 16, 2019**

Whitney Milton ("Milton") appeals from the Order[1] dismissing his first

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").

**See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

---

[1] Milton was charged at two separate dockets, which were consolidated for trial.  Additionally, although Milton filed separate appeals at each docket number, we consolidated these consecutively-listed appeals for disposition.

On May 11, 2010, a jury found Milton guilty of two counts each of aggravated assault and possession of an instrument of crime, and one count each of firearms not to be carried without a license and possession of a firearm prohibited, resulting from his assaults of Levi Miller ("Miller") and Philadelphia Police Officer Andy Chan. The trial court sentenced Milton to an aggregate term of 12½ to 25 years in prison. This Court affirmed Milton's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Milton*, 60 A.3d 848 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 64 A.3d 631 (Pa. 2013).

Milton, *pro se*, filed the instant timely PCRA Petition on June 19, 2013. The PCRA court appointed Milton counsel, who filed an Amended Petition on his behalf. Following appropriate Notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Milton's Petition on November 2, 2017. This timely appeal followed.[2]

Milton now presents the following question for our review:

> I. Did the [PCRA] court err by dismissing the [PCRA] Petition of … Milton where direct appellate counsel … was ineffective for failure to raise the issue of the trial court's failure to give Standard Jury Instruction 3.21A: failure to call a potential witness, relating to [Miller]?

Brief for Appellant at 3.

_____

[2] In its Opinion, the PCRA court stated that Milton's Notice of Appeal, filed thirty-two days after the Order dismissing his Petition was filed, was untimely. PCRA Court Opinion, 5/23/18, at 2. However, the thirtieth day following the entry of the Order was a Saturday. *See* 1 Pa.C.S.A. § 1908. Thus, Milton's Notice of Appeal was timely filed.

- 2 -

Milton claims that his direct appeal counsel was ineffective for not challenging the trial court's failure to give the "missing witness instruction." *Id.* at 12, 15. Milton asserts that because Miller did not testify at trial, he was entitled to the instruction, and the accompanying inference that Miller's testimony would have been unfavorable to the Commonwealth. *Id.* at 12, 13, 14-15.

The applicable standards of review regarding the dismissal of a PCRA petition and ineffectiveness claims are as follows:

> Our standard of review of a PCRA court's [dismissal] of a petition for post[-]conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.
>
> * * *
>
> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petition pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

A missing witness instruction may be given in limited circumstances. When a potential witness is **available to only one of the parties to a trial**, it appears this witness has special information material to the issue, and this person's testimony would not merely be cumulative, then if such party does not produce the testimony of this witness, the jury may draw an inference that it would have been unfavorable. However, this Court has clarified at least six circumstances where a party is not entitled to the missing witness adverse inference instruction:

1. The witness is so hostile or prejudiced against the party expected to call him that there is a small possibility of obtaining unbiased truth;

2. The testimony of such a witness is comparatively unimportant, cumulative, or inferior to that already presented;

3. **The uncalled witness is equally available to both parties**;

4. There is a satisfactory explanation as to why the party failed to call such a witness;

5. The witness is not available or not within the control of the party against whom the negative inference is desired; and

6. The testimony of the uncalled witness is not within the scope of the natural interest of the party failing to produce him.

*Commonwealth v. Miller*, 172 A.3d 632, 645-46 (Pa. Super. 2017) (citations, quotation marks, and brackets omitted; emphasis added); *see also id.* at 645 (stating that "[t]he trial court is not required to give every charge that is requested by the parties[,] and its refusal to give a requested charge does not require reversal unless the [a]ppellant was prejudiced by that refusal." (citation omitted)).

The PCRA addressed Milton's claim as follows:

The trial record clearly shows that the witness, [] Miller, was not available for testimony to *either* party, because his whereabouts were unknown to both sides. [] Miller was the victim in this case: [Milton] chased [] Miller out of a house and down the street, firing four shots in his direction, following an argument about a romantic entanglement. [] Miller was not hit by any of the gunshots, but the jury found that [Milton's] firing of the gun evidenced an intent to cause serious bodily injury. Police officers investigating the incident had, with difficulty, taken an official statement from [] Miller at the scene regarding the shooting, but he "was not cooperative [with police] in the sense that someone who had just been shot at" [*sic*].

As the Commonwealth [] noted in its Motion to Dismiss, the [trial c]ourt stated on the record that it "fe[lt] that the Commonwealth ha[d] made out its case for its inability to call [] Miller." At the beginning of trial, defense counsel … asked if [] Miller was going to be testifying. [The prosecutor] responded, "I don't know yet when [] Miller—I'm doing everything I can do to get him." … [I]n a sidebar conference held in chambers, [the prosecutor] told the [c]ourt, "Levi Miller isn't here, has not testified yet. He would be a witness, I assume, for me, if I can get him in here. But … I've been having a lot of trouble getting him in court, and I don't expect him to come. Therefore, anything he said would be hearsay."

Furthermore, the Commonwealth's witness, Philadelphia Police Detective Ralph Dominic, testified that he and other officers had expended significant efforts to find [] Miller over a period of "several months," including attempts made the weekend before trial. The efforts included in-person visits to residences and various places of business "twenty to thirty times," trying the telephone number [Miller] had provided to police and leaving messages until the number was disconnected, attempting to locate the girlfriend with whom he was rumored to be living, conducting a background check and a Lexis-Nexis search, and leaving subpoenas and police business cards at the vendor-licensed site of his food truck and at his other place of business. Two of [] Miller's close associates, his uncle/business partner Earl Baker and his girlfriend[,] Kalisa Simmons, both gave police information on his possible whereabouts, but neither knew where

he was at that time. And clearly, the defense never produced []
Miller to testify at trial.

At the jury charging conference, [Milton's] trial counsel
argued for inclusion of the missing witness instruction, but her
argument did not specifically address [] Miller's unavailability as a
Commonwealth witness. It is clear from the record that [] Miller
was a witness unavailable to both the prosecution and defense at
[Milton's] trial.

The requested jury instruction requires that the witness be
available to one party and not the other. Pa. SSJI (Crim)
3.21A(2). The uncontroverted evidence in this case showed that
[Miller] was not available to either party. Because that
requirement was unmet, it would have been improper and
erroneous for the [trial c]ourt to read that jury instruction.
Therefore, the issue was meritless, and [Milton's] counsel on
direct appeal could not have been ineffective for failing to raise
the issue. As the underlying claim of the PCRA [P]etition is not of
arguable merit, no PCRA relief is due under the ineffective
assistance of counsel standard. Therefore, dismissal of the
[P]etition was proper.

PCRA Court Opinion, 5/23/18, at 4-6 (emphasis in original; some citations and

quotation marks omitted).

We agree with the PCRA court's determination that Milton's underlying

claim lacks arguable merit, as Miller was equally unavailable to both parties

at trial. *See Miller*, 172 A.3d at 646 (concluding that appellant was not

entitled to a missing witness instruction, where the Commonwealth witness

(the victim) was brought to the courthouse but refused to testify or leave the

sheriff's cell room, because the witness was equally available to both parties,

and the Commonwealth had no control over the witness's refusal to

cooperate). Additionally, Milton failed to assert that he was prejudiced as a

result of direct appeal counsel's alleged failure. *See Franklin*, *supra*; *see*

*also Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018) (stating that "[a] PCRA petitioner must address each of [the ineffectiveness] prongs on appeal. A petitioner's failure to satisfy any prong of this test is fatal to the claim.") (citations omitted). Accordingly, Milton has failed to establish that he is entitled to relief on this basis.

Based upon the foregoing, we affirm the PCRA court's Order dismissing Milton's Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/19